THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLY KING, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 4:21-cv- 2287 |
| vs. | § | |
| | § | |
| SAN JACINTO COUNTY, | § | |
| | § | |
| *Defendant* | § | |

## COMPLAINT

Plaintiff Holly King ("King") files this Complaint against San Jacinto County ("SJC") and would show as follows:

## SUMMARY OF SUIT

1. This suit alleges sexual harassment/hostile work environment gender discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and a claim under the First Amendment of the U.S. Constitution because Defendant terminated Plaintiff for exercising her First Amendment rights.

2. This action seeks, *inter alia*, back pay, front pay, actual damages, compensatory damages, punitive damages, consequential damages, expert witness fees, court costs, attorneys' fees, and pre-judgment and post-judgment interest.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's constitutional claim for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because this action arises under the United States Constitution and Title VII.

4. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

5. Plaintiff Holly King is an individual residing in San Jacinto County, Texas.

6. Defendant San Jacinto County is a county located within the boundaries of the Southern District of Texas. It is the responsibility of Defendant San Jacinto County to hire, fire, discipline, train and supervise employees of San Jacinto County. It is also the responsibility of Defendant San Jacinto County not to violate the constitutional rights of its citizens. Finally, it is the responsibility of Defendant San Jacinto County to ensure that all employees perform their duties in accordance with minimum constitutional, statutory, and departmental requirements.

7. Defendant San Jacinto County is a local government entity and may be served with process by serving San Jacinto County Judge Fritz Faulkner, at 1 State Highway 150, Rm. 23, Coldspring, Texas 77331 or wherever he may be found.

## BACKGROUND

8. Plaintiff worked for Defendant's District Attorney's Office since approximately January 2013 as a legal assistant.

9. Plaintiff began to complain about sexual harassment in the workplace. For example, Plaintiff repeatedly complained to her superior (District Attorney Robert Trapp) about a coworker (Assistant DA Mark Boemio) who continuously treated her differently than male employees.

Additionally, Mr. Boemio inundated the office environment with improper sexual imagery of a grotesque nature.

10. For example, Mr. Boemio displayed this coffee mug in the workplace:



11. Mr. Boemio used this sticker on his office door, among other inappropriate images:



12. District Attorney Trapp paid no attention to Plaintiff's complaints despite multiple complaints made by Plaintiff.

13. On another occasion, some of King's coworkers were watching a video containing a "pocket pussy", including one of King's superiors, Assistant DA Mark Boemio. King objected to this video and told them it was inappropriate for the workplace.

14. They told King that they thought the "pocket pussy" was "funny" and that they would continue to watch it at work.

15. Fed up with Defendant's failure to take Plaintiff's complaints seriously or to even respond to them, Plaintiff took to Facebook to express issues about her employment that went unredressed and were important to the citizens of San Jacinto County.

16. Plaintiff's comments on Facebook were not made in her capacity as an employee, but rather as a citizen of the U.S.

17. District Attorney Trapp, upon learning that Plaintiff engaged in protected activity as she was entitled as a citizen of the U.S., summoned Plaintiff and terminated her.

18. District Attorney Trapp told Plaintiff that she was no longer a "good fit" given her complaints about Mr. Boemio's sexist (and humiliating) coffee mug and office door stickers.

19. Plaintiff filed a charge of discrimination with the EEOC and was issued a right to sue letter less than 90 days ago. This suit follows.

## CAUSES OF ACTION

### Cause 1: Sex Discrimination and Sexual Harassment

20. Each and every allegation contained above is realleged as if fully written herein.

21. Defendant, by and through its agents and employees, engaged in practices made unlawful under Title VII.

22. The actions set forth above, as well as other facts that will be developed through discovery, violate Title VII. Plaintiff was subjected to a sexually harassing hostile work environment.

23. Defendant wrongfully discharged Plaintiff.

24. The harassment to which Plaintiff was subjected was sufficiently severe and/or pervasive to have affected a term or condition of her employment. Plaintiff's reports were made in good faith.

25. Plaintiff has suffered damages as a result of the sexual harassment and discrimination, and seeks all relief allowed by law.

## Cause 2: Retaliation

26. Each and every allegation contained above is realleged as if fully written herein.

27. Defendant, by and through its agents and employees, engaged in practices made unlawful under Title VII.

28. Plaintiff engaged in protected activity both inside and outside the workplace. For example, Plaintiff made multiple reports of sexual harassment to District Attorney Trapp.

29. Defendant, by and through its agents and employees, terminated Plaintiff in retaliation for engaging in protected activity.

30. Had Plaintiff not engaged in protected activity, she would not have been terminated.

## Cause 3: Section 1983 – Infringement of First Amendment Rights of Free Speech

31. Each and every allegation contained above is realleged as if fully written herein.

32. Alternatively, Defendant, by and through its agents and employees, engaged in practices made unlawful under the U.S. Constitution.

33. Plaintiff spoke as a citizen on a matter of public concern.

34. Plaintiff expressed concern about Defendant squandering taxpayer money on multiple vehicles.

35. Plaintiff expressed concern about Defendant squandering taxpayer money for employees getting paid for work yet not performing work.

36. Plaintiff expressed concern about Defendant squandering taxpayer money by watching Tiger King instead of working.

37. Plaintiff expressed concern about Defendant squandering taxpayer money by engaging in immature, childish behavior in the workplace rather than being diligent workers.

38. Plaintiff was a low-level employee and her job responsibilities did not encompass addressing the concerns she expressed on Facebook.

39. Plaintiff had no authority to take action in the workplace to redress the complaints she made on Facebook.

40. Plaintiff's job responsibilities did not allocate anything to her related to the complaints she made on Facebook.

41. Almost immediately after posting on Facebook, District Attorney Trapp summoned Plaintiff and terminated her. Consequently, for this and other reasons, it appears that Plaintiff's protected speech was a substantial or motivating factor in her termination.

## ATTORNEY'S FEES

42. Each and every allegation contained above is realleged as if fully written herein.

43. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to Title VII.

44. Separately, pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to her attorneys' fees if she prevails in her claim under Section 1983.

## **JURY DEMAND**

45.     Plaintiff makes a formal demand for a jury trial in this matter.

## **PRAYER**

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a.  Back pay wages;

b.  Front pay wages;

c.  Compensatory damages;

d.  Exemplary damages;

e.  Punitive damages;

f.  Pre-judgment and post-judgment interest;

g.  Court costs;

h.  Attorneys' fees; and

i.  All other relief to which Plaintiff show themselves to be entitled.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By:     /s/ Clayton D. Craighead
        Clayton D. Craighead
        State Bar No. 24065092
        S.D. Texas No. 958992
        440 Louisiana, Suite 900
        Houston, TX 77002
        (832) 798-1184 – Telephone
        (832) 553-7261 – Facsimile
        clayton.craighead@thetxlawfirm.com

A<small>TTORNEY-IN</small>-C<small>HARGE FOR</small> P<small>LAINTIFF</small>